NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

HENRY MARTIN DAVIS,                )
                                   )
            Appellant,             )
                                   )
v.                                 )        Case No. 2D15-5723
                                   )
STATE OF FLORIDA,                  )
                                   )
            Appellee.              )
_____)

Opinion filed March 31, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Frank Quesada, Judge.

Valdoston Shealey, Jr., of The Shealey
Firm, P.A., Mullica Hill, New Jersey, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kiersten Jensen,
Assistant Attorney General, Tampa, for
Appellee.

PER CURIAM.

            Henry Martin Davis appeals the order denying his motion filed under

Florida Rule of Criminal Procedure 3.800(a) seeking relief under Graham v. Florida, 560

U.S. 48, 82 (2010) (holding that the Eighth Amendment forbids a life sentence without

parole for a juvenile offender who committed a nonhomicide offense), and <u>Atwell v. State</u>, 197 So. 3d 1040 (Fla. 2016). We reverse and remand for resentencing.

In 1972, Davis was sentenced to concurrent terms of life imprisonment for rape and robbery. At that time, a defendant sentenced to life imprisonment was eligible for parole. <u>See</u> § 947.16(1), Fla. Stat. (1971). In <u>Atwell</u>, the supreme court concluded that Florida's existing parole system does not provide for individualized consideration of a defendant's juvenile status at the time of his or her offense. 197 So. 3d at 1041. As a result, a life sentence with parole eligibility is virtually indistinguishable from a life sentence without parole. <u>Id.</u> The court held that the remedy for such an unconstitutional sentence is resentencing in conformance with chapter 2014-220, Laws of Florida. <u>Id.</u> at 1050 (citing <u>Horsley v. State</u>, 160 So. 3d 393, 399 (Fla. 2015)).

Accordingly, we reverse the order denying Davis's rule 3.800(a) motion and remand for resentencing under sections 921.1401 and .1402, Florida Statutes (2016), which codified chapter 14-220.

Reversed and remanded for resentencing.


WALLACE, LaROSE, and ROTHSTEIN-YOUAKIM, JJ., Concur.